Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1247 | **DATE** | 3/6/2003 |
| **CASE TITLE** | Chuway vs. National Action Financial Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [7-1] is granted and plaintiff's motion for summary judgment [12-1] is denied. Judgment entered in favor of defendant and against plaintiff. All pending motions are terminated. Case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 07 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Mail AO 450 form. Mailed by MD. | | | |
| | Copy to judge/magistrate judge. | 03 MAR -6 PM 4:09 | 3/6/2003 date mailed notice | |
| MD | courtroom deputy's initials | FILED | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CALDEAN M. CHUWAY,    )<br>    )<br>Plaintiff,    )<br>    )<br>vs.    )<br>    )<br>NATIONAL ACTION FINANCIAL    )<br>SERVICES, INC., a Georgia Corporation,    )<br>    )<br>Defendant.    )<br>    ) | No. 02 C 1247<br>Judge Joan H. Lefkow |

**DOCKETED MAR 0 7 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Caldean M. Chuway ("Chuway"), brings this putative class action against defendant, National Action Financial Services, Inc., a Georgia Corporation ("NAFS"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). Before the court are cross motions for summary judgment. The court has jurisdiction over the claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. For the reasons set forth below, NAFS's motion is granted while Chuway's motion is denied.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On cross-motions for summary judgment, the court must consider the merits of each motion and assess the burden of proof that each party would bear on an issue at trial. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

## FACTS[1]

On November 12, 2001, NAFS, in an attempt to collect a debt that Chuway is alleged to have owed to Capital One Services, Inc., ("Capital One"), sent Chuway a letter containing the following language,

> Creditor: Capital One Services, Inc.
> Reference: XXXXXXXXXX
> Balance: $367.42
> \* \* \*
> CAPITAL ONE SERVICES, INC. HAS ASSIGNED YOUR DELINQUENT ACCOUNT TO OUR AGENCY FOR COLLECTION
>
> PLEASE REMIT THE BALANCE LISTED ABOVE IN THE RETURN

---

[1] The facts as set forth herein, taken from the parties' statements of material facts and supporting materials, are undisputed unless otherwise indicated.

2

ENVELOPE PROVIDED.

TO OBTAIN YOUR MOST CURRENT BALANCE INFORMATION, PLEASE CALL 1-800-XXX-XXXX. OUR FRIENDLY AND EXPERIENCED REPRESENTATIVES WILL BE GLAD TO ASSIST YOU AND ANSWER ANY QUESTIONS YOU MAY HAVE.

(Compl. ¶ 6, Ex. A.) Chuway stated that when she received this letter, she read it and was unable to determine what amount NAFS was trying to collect from her and she did not know if it was the "BALANCE" or a different "MOST CURRENT BALANCE" that could only be determined by calling NAFS's 1-800 number. (Pl. L.R. 56.1 ¶ 8.)

## DISCUSSION

Under 15 U.S.C. § 1692g(a)(1), within five days after an initial communication with a consumer, a debt collector must send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor; (3) a statement that, unless disputed within thirty days, the debt will be assumed to be valid; (4) a statement that if the consumer notifies the debtor in writing that the debt is disputed, the debt collector will obtain verification of the debt; and (5) a statement, on the consumer's request, that the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor. A debt collector must present these disclosures in a manner in which they are likely to be understood by an "unsophisticated consumer." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) ("it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude.").

Solely at issue in this case is the requirement that a debt collector give a debtor notice of

3

the amount of a debt. Chuway maintains the letter NAFS sent did not give the amount of the debt or at least did not present it in a way that could be understood. NAFS maintains the letter complied with the FDCPA. Both sides rely on *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), where the Seventh Circuit addressed the "amount of debt" requirement and went so far as to create safe harbor language to ensure that debt collectors could be confident that their obligations under the FDCPA are met. *Id.* at 875-76.

In *Miller*, the debt collector sent the debtor a letter stating the loan's "unpaid principal balance" was $178,844.65, but added

> [T]his amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

214 F.3d at 875. The letter also listed a 1-800 number the debtor could call to find the amount of the unpaid interest, late charges and other fees. *Id.* In addressing whether the letter properly gave the debtor notice of the full amount of the debt, the court singled out the letter's deficiency in failing to include other fees outside of the unpaid principal that were part of the debt: "The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* The court held that the proper way to include such other charges, including unpaid interest, was to "state the total amount due–interest and other charges as well as principal–on the date the dunning letter was sent." *Id.*

The court also went to lengths to avoid future disputes on this issue by presenting a "safe harbor." The court formulated the following language and assured debt collectors it would satisfy their duty to state the amount of the debt when this amount would vary from day to day:

4

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].

*Id.*

The problem in this case, at least as Chuway frames it, is the letter itself never states that it is the amount due as of the date of the letter, and the reference to the "MOST CURRENT BALANCE" misleads a debtor as to the total amount the debt collector is ultimately attempting to collect. The letter makes no reference to interest or other payments to explain why the balance listed would not be the most current balance.[2]

NAFS, in response, argues the letter in question unambiguously states the total due from Chuway at the time the letter was sent. NAFS points out *Miller* does not prohibit reference to a 1-800 number to find out what the amount of the debt was when the letter was received, which it construes the "MOST CURRENT BALANCE" language in the letter sent to Chuway as referring to.

This case is different from *Miller* in that there the scenario confronting the court was appropriate for summary judgment because the letter on its face excluded amounts that were clearly part of the debt. *Miller*, 214 F.3d at 875. This is also true of other cases cited by Chuway. *See, e.g., Bawa v. Bowman*, No. IP00-1319-C-M/S, 2001 WL 618966, at *3-*4 (S.D. Ind. May 30, 2001) (letter did not list interest, late charges and attorney's fees up until that point

---

[2] Chuway also points out that the letter does not follow the safe harbor language given by the Seventh Circuit in *Miller*. Putting aside the wisdom of ignoring such safe harbor language, it is not required, as the court in *Miller* noted. *Miller*, 214 F.3d at 875. Thus, that NAFS did not use such language does not establish anything for this case. The safe harbor protects those within its reach, but does not automatically speak to those outside of it.

5

but instead only stated that "exact amount" would be determined later); *Wilkerson v. Bowman*, 200 F.R.D. 605, 607-08 (N.D. Ill. 2001) (same). Here, the letter in question does not suffer from this deficiency, as on its face it includes the entire debt. The letter tells the debtor to remit the amount stated, not a different amount to be determined through a phone call.

The issue remains, however, whether the letter presented the amount due in a manner that would make it difficult and/or confusing for an "unsophisticated consumer" to determine what the amount of the debt is. *See Walker v. National Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1998). As the Seventh Circuit noted in *Miller*, part of the purpose of the express safe harbor was so that "[n]o reasonable person could conclude that the statement . . . does not inform the debtor of the amount due." *Miller*, 214 F.3d at 876. In *Whitten v. ARS Nat'l Servs., Inc.*, No. 00 C 6080, 2002 WL 1332001 (N.D. Ill. 2002), this court discussed when it is appropriate to grant summary judgment in favor of a plaintiff on the issue of confusion. Reconciling controlling Seventh Circuit precedent on the issue, this court concluded that summary judgment is appropriate when the letter is more akin to an outright contradiction rather than when it is merely potentially confusing. *Id.* at *4.

The letter in the instant case is problematic, as it does a poor job of informing an "unsophisticated consumer" of what the amount of the debt is. The letter makes no reference as to why the "balance" may be different from the "most current balance." The letter does not explain that interest and other late charges may vary the amount of the debt due. The letter does not state that even if the "balance" is paid all of the debtor's responsibilities may not be satisfied. Despite these flaws, however, the court cannot conclude that the letter contains a contradiction on its face necessary for summary judgment in favor of Chuway. The letter lists the balance and

directs the debtor to remit that amount. The letter does state a phone number for the most current balance, but this does not create a contradiction of the amount due as even the safe harbor formulated in *Miller* states a number that may be called to obtain the amount due as of the date the letter is received. Instead, the court concludes that this letter's flaws, as listed above, have the potential to confuse an unsophisticated consumer because of the omission of language explaining why the balance may not be the current balance because of interest or late charges.

Absent a clear violation of the FDCPA on the face of a letter, to survive summary judgment, much less move in favor of it, a plaintiff may not simply rely on the letter's language to show that it was confusing to an unsophisticated consumer. *See, e.g., Walker*, 200 F.3d at 504 ("[i]f all the plaintiffs have to go on is the language of these letters, they must lose in the end."), quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). The Seventh Circuit noted in *Walker* that a plaintiff must be given the opportunity to present evidence that would show an unacceptable increase in the level of confusion, presumably through survey evidence. *Walker*, 200 F.3d at 501-02; *Johnson*, 169 F.3d at 1060; *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Whitten*, 2002 WL 1332001, at *4.

Despite being given the opportunity, Chuway presents no evidence that the letter increased the level of confusion for an unsophisticated consumer. Instead, she relies on the letter itself and her own subjective statements that she did not know what amount was being collected. As stated above, nothing in the letter contains an actual contradiction establishing an FDCPA violation as a matter of law. Chuway does not carry her burden of presenting evidence outside of the letter itself to illustrate that the letter would confuse an unsophisticated consumer as to the amount due. Thus, summary judgment is appropriate in favor of NAFS.

## CONCLUSION

For the reasons stated above, NAFS's motion for summary judgment is granted [#7] while Chuway's motion for summary judgment is denied [#12]. This case is terminated.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 6, 2003